**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

VICTORIA RENEE GARDNER, Case No. 1:26-cv-549

Plaintiff,

Hopkins, J.
vs. Bowman, M.J.

EQUIFAX INFORMATION SERVICES, LLC.,

Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff brings this *pro se* action against Equifax Information Services, LLC. ("Equifax"). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's amended complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable

basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are Afantastic or delusional@ in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion

couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Here, Plaintiff's complaint alleges that Equifax Information Services LLC and Self Financial, Inc. violated the Fair Credit Reporting Act ("FCRA") by reporting inaccurate account information and failing to reasonably investigate her disputes. Plaintiff denies opening the disputed account and alleges inconsistencies in its reported opening date, payment history, and bankruptcy status. She asserts that Defendants failed to correct those inaccuracies after receiving notice of her dispute. As injuries, she identifies diminished creditworthiness, emotional distress, approximately thirty-five hours of lost time, and expenses for credit reports, postage, and printing. (Complaint ¶¶ 8–29, 37).

Upon careful review under 28 U.S.C. § 1915, the undersigned recommends dismissal without prejudice for lack of Article III standing. A statutory violation alone does not establish Article III standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423, 426–27 (2021). A plaintiff must allege a concrete injury fairly traceable to the challenged conduct. Id. Inaccurate information maintained in an internal credit file, without disclosure to a third party, does not itself establish concrete reputational harm. Id. at 434–39.

Plaintiff does not allege that the challenged information was disclosed to a prospective creditor or other third party, resulted in a credit denial or unfavorable terms, or otherwise affected a transaction. Her generalized assertions of diminished creditworthiness and reputational injury therefore do not establish concrete harm. Her conclusory references to emotional distress, anxiety, and humiliation likewise lack supporting facts describing an actual injury caused by either Defendant's conduct. *See Garland v. Orlans, PC*, 999 F.3d 432, 437–40 (6th Cir. 2021).

Plaintiff's allegations of expenses and lost time do not sufficiently explain their connection to the challenged statutory violations. She does not identify when the expenses occurred, the activities accounting for the lost time, or whether those losses resulted from Defendants' allegedly deficient investigations rather than her initial dispute or preparation of this lawsuit. Although independently incurred financial losses may support standing, litigation expenses cannot create standing to pursue the underlying claim. *See Ward v. National Patient Account Services Solutions, Inc.*, 9 F.4th 357, 363 (6th Cir. 2021). The complaint's undifferentiated allegations do not adequately establish that either Defendant's alleged violation caused a concrete loss.

The request for correction or deletion does not cure this deficiency. Plaintiff identifies no impending disclosure, anticipated credit transaction, or other circumstance demonstrating a sufficiently imminent risk of concrete future harm. *See TransUnion*, 594 U.S. at 435–36.

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** without prejudice for lack of subject matter jurisdiction. It is further

**RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
Chief United States Magistrate Judge

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).